IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | NO. 08 C 2026 |
| RICHARD W. CLARK, individually and ) | |
| d/b/a R & W CLARK CONSTRUCTION, ) | JUDGE RONALD A. GUZMAN |
| INC., a dissolved Illinois corporation, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT

STATE OF ILLINOIS  )
                   ) SS.
COUNTY OF COOK     )

DAVID S. BODLEY, being first duly sworn upon his oath, deposes and states:

1. He is now, and has since the first day of May, 1999, been employed by the Trustees of the Midwest Operating Engineers Fringe Benefit Funds as administrative manager, and in such capacity, has personal knowledge of the matters hereinafter set forth and if called as a witness in the instant proceedings is competent to testify in respect thereto.

2. He has read the Complaint filed in this cause, and knows of his own personal knowledge the contents of the collective bargaining agreements and Agreements and Declarations of Trust and all facts alleged therein, and if called and sworn as a witness is competent to testify thereto.

3. He is charged with keeping and maintaining records of contributions received by the Plaintiff Funds, maintains individual records on each person, firm and corporation required to make contributions to said Plaintiff Funds, receives and records contribution reports made by such persons, firms or corporations, and has under his supervision and direction all books, records, documents and papers relating to such Plaintiff Funds.

4. He has examined the account of Defendant in the above-entitled cause, and states that said Defendant:

   (a) is required to make monthly contribution reports under the terms of the aforesaid collective bargaining agreement;

   (b) has submitted monthly contribution reports for the months of August 2007 through June 2008, but has failed to submit the contributions which it acknowledges therein to be due as set forth below:

|  | Contributions |
|---|---|
| Welfare Fund | $17,069.42 |
| Pension Fund | $12,150.80 |
| Apprenticeship Fund | $ 1,442.20 |
| Vacation Fund | $   942.40 |

   (c) has had an employee covered by the collective bargaining agreement during the month of December 2007, and that this employee has submitted to him check stubs showing the number of hours worked by him for the Defendant; based upon these check stubs he has determined that the following contributions are due therefor:

|  | Contributions |
|---|---|
| Welfare Fund | $145.60 |
| Pension Fund | $ 96.80 |
| Apprenticeship Fund | $ 11.20 |
| Vacation Fund | $ 30.40 |

5. Pursuant to the Trust Agreements, a liquidated damages surcharge has been assessed against the Defendant in the amount of ten (10%) percent of all contributions due and

unpaid and all contributions which were paid late, based on check stubs submitted by employees of the Defendant for the months of August 2007 through October 2007 and December 2007, in amounts set forth below:

|  | Liquidated Damages |
|---|---|
| Welfare Fund | $222.04 |
| Pension Fund | $147.63 |
| Apprenticeship Fund | $ 17.08 |
| Vacation Fund | $ 46.36 |

6. Pursuant to the Trust Agreements, a liquidated damages surcharge has been assessed against the Defendant in the amount of ten (10%) percent of all contributions due and unpaid and all contributions which were paid late, for the months of November 2006 through April 2007 and August 2007 through June 2008, in amounts set forth below:

|  | Liquidated Damages |
|---|---|
| Welfare Fund | $2,918.47 |
| Pension Fund | $1,935.44 |
| Apprenticeship Fund | $ 265.26 |
| Vacation Fund | $ 418.29 |

7. Plaintiffs have incurred fees totaling $175.00 as a result of Defendant's submission of fringe benefit contributions by way of checks (numbers 2607, 3202 and 3279) which were subsequently dishonored by its bank for non-sufficient funds.

8. He is duly authorized by Plaintiffs in this behalf, has personal knowledge of the matters set forth above and if called as a witness in this cause, is competent to testify thereto.

9. He makes this Affidavit in support of the application of Plaintiffs for entry of default and judgment and requests this Court to consider the same as proof in support of the allegations contained in the Complaint of the Plaintiffs and such other facts herein set forth.

FURTHER AFFIANT SAYETH NOT.

_____
DAVID S. BODLEY

SUBSCRIBED AND SWORN
TO before me this 21st
day of May, 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
NANCY AMABILE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/21/09

I:\MOE\R & W Clark\2008\bodley affidavit.jdg.df.wpd

4

**CERTIFICATE OF SERVICE**

     The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Affidavit of David S. Bodley) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 3rd day of June 2008:

                    Mr. Richard W. Clark
                    R & W Clark Construction, Inc.
                    19418 97th Avenue
                    Mokena, IL  60448


                                        /s/   Jennifer L. Dunitz-Geiringer


Jennifer L. Dunitz-Geiringer
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6237001
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: jdunitz.geiringer@baumsigman.com

I:\MOEJ\R & W Clark\2008\bodley affidavit.jdg.df.wpd