IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. DUGAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | NO. 08 C 2026 |
| RICHARD W. CLARK, individually and | ) | |
| d/b/a R & W CLARK CONSTRUCTION, | ) | JUDGE RONALD A. GUZMAN |
| INC., a dissolved Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## JUDGMENT ORDER

This matter coming on to be heard upon the Motion of Plaintiffs, by their counsel,

it appearing to the Court that the Defendant, RICHARD W. CLARK, individually and d/b/a R & W

CLARK CONSTRUCTION, INC., a dissolved Illinois corporation, having been regularly served

with process and having failed to appear, plead or otherwise defend, and default of said Defendant

having been taken, the Court, first being fully advised in the premises and upon further evidence

submitted herewith, FINDS:

1.    It has jurisdiction of the subject matter herein and of the parties hereto.

2.    The Defendant is bound by the terms of the collective bargaining agreement

referred to in the Complaint of Plaintiffs.

3.    The Defendant is obligated to make contributions to each of the Plaintiff

Funds in accordance with collective bargaining agreement.

4.    The Defendant is bound by all the terms and conditions set forth in the

Agreements and Declarations of Trust governing the Plaintiff Funds.

5.      Defendant has submitted monthly contribution reports to the Plaintiffs indicating all employees of the Defendant covered by the collective bargaining agreement referred to in the Complaint and the number of hours worked or paid for pursuant to the terms of the collective bargaining agreement referred to herein, for the months of August 2007 through June 2008.

6.      Said monthly contribution reports establish that there is due and owing, for the period August 2007 through June 2008, to Plaintiffs the amounts set forth below:

|  | Contributions |
|---|---|
| Welfare Fund | $17,069.42 |
| Pension Fund | $12,150.80 |
| Apprenticeship Fund | $ 1,442.20 |
| Vacation Fund | $ 942.40 |

7.      Defendant has had an employee covered by the collective bargaining agreement during the month of December 2007, and that this employee has submitted check stubs showing the number of hours worked by him for the Defendant; based upon these check stubs it has been determined that the following contributions are due therefor:

|  | Contributions |
|---|---|
| Welfare Fund | $145.60 |
| Pension Fund | $ 96.80 |
| Apprenticeship Fund | $ 11.20 |
| Vacation Fund | $ 30.40 |

8.      Pursuant to the Trust Agreements, a liquidated damages surcharge has been assessed against the Defendant in the amount of ten (10%) percent of all contributions due and unpaid and all contributions which were paid late, based on check stubs submitted by employees of the Defendant for the months of August 2007 through October 2007 and December 2007, in amounts set forth below:

2

|                     | Liquidated Damages |
|---------------------|----------|
| Welfare Fund        | $222.04  |
| Pension Fund        | $147.63  |
| Apprenticeship Fund | $ 17.08  |
| Vacation Fund       | $ 46.36  |

9.      Pursuant to the Trust Agreements, a liquidated damages surcharge has been assessed against the Defendant in the amount of ten (10%) percent of all contributions due and unpaid and all contributions which were paid late, for the months of November 2006 through April 2007 and August 2007 through June 2008, in amounts set forth below:

|                     | Liquidated Damages |
|---------------------|------------|
| Welfare Fund        | $2,918.47  |
| Pension Fund        | $1,935.44  |
| Apprenticeship Fund | $ 265.26   |
| Vacation Fund       | $ 418.29   |

10.     Plaintiffs have incurred fees totaling $175.00 as a result of Defendant's submission of fringe benefit contributions by way of checks which were subsequently dishonored by its bank for non-sufficient funds.

11.     Plaintiffs are entitled to make an audit of the payroll books and records of Defendant to verify the accuracy of the monthly reports referred to herein and covered by the reports submitted to Plaintiffs, and to determine what additional amounts are due and owing to Plaintiffs.

12.     Defendant has failed to timely make all contributions required to be made to the Plaintiff Funds, as provided in the Agreements and Declarations of Trust governing the respective Funds, Plaintiffs are entitled to recover:

(a)     the cost of the audit of the payroll books and records of Defendant;

(b)     a sum equal to ten (10%) percent of the amount determined to be due;

(c)     costs and expenses of the Trustees, including their reasonable attorneys' fees.

3

13.    Plaintiffs have incurred court costs totaling $404.00 and reasonable attorneys' fees totaling $142.50.

14.    There is no just cause for delay in the entry of a Judgment Order as to the sum of $38,580.89 owed to the Plaintiffs from Defendant.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

A.    That Plaintiffs recover from the Defendant, RICHARD W. CLARK, individually and d/b/a R & W CLARK CONSTRUCTION, INC., a dissolved Illinois corporation, the sum of $31,888.82 for contributions and the additional sum of $5,970.57 for liquidated damages, or a total sum of $37,859.39.

B.    That Plaintiffs recover from the Defendant, RICHARD W. CLARK, individually and d/b/a R & W CLARK CONSTRUCTION, INC., a dissolved Illinois corporation, the sum of $404.00 for their court costs and $142.50 as and for Plaintiffs' just and reasonable attorneys' fees.

C.    That Plaintiffs recover from the Defendant, RICHARD W. CLARK, individually and d/b/a R & W CLARK CONSTRUCTION, INC., a dissolved Illinois corporation, the sum of $175.00, which represents bank fees charged to Plaintiffs by Defendant's submission of checks which were dishonored by its bank for non-sufficient funds.

D.    That Plaintiffs recover from the Defendant, RICHARD W. CLARK, individually and d/b/a R & W CLARK CONSTRUCTION, INC., a dissolved Illinois corporation, the total sum of **$38,580.89**.

E.    Plaintiffs are awarded execution for the collection of the judgments and costs granted hereunder.

F.    The Court hereby retains jurisdiction of this cause and all of the parties hereto

for the purpose of enforcing this Order.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED:    6/10/08

Jennifer L. Dunitz-Geiringer
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6237001
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: jdunitz.geiringer@baumsigman.com

I:\MOEJ\R & W Clark\2008\judgment order.jdg.df.wpd

5

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she caused a copy of the foregoing document (Judgment Order) to be served upon:

> Mr. Richard W. Clark
> R & W Clark Construction, Inc.
> 19418 97th Avenue
> Mokena, IL   60448

by U.S. Mail on or before the hour of 5:00 p.m. this 3rd day of June 2008.


/s/   Jennifer L. Dunitz-Geiringer




Jennifer L. Dunitz-Geiringer
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6237001
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: jdunitz.geiringer@baumsigman.com

I:\MOE\R & W Clark\2008\judgment order.jdg.df.wpd